THE PEOPLE OF THE STATE OF NEW YORK ex rel. SARAH K. SIEGEL and Others, Respondents, *v.* JOHN J. LYONS, as Secretary of State of the State of New York, Appellant.

First Department, June 2, 1922.

Corporations — incorporation — certificate of incorporation — statement of preferences must be definite, certain and complete — Secretary of State not required to file certificate containing statement that dividends on preferred stock shall be such as are provided in by-laws.

A certificate of incorporation of a business corporation does not comply with subdivision 3 of section 2 of the Business Corporations Law, which provides that the certificate of incorporation shall state the preferences of the preferred stock, and the Secretary of State will not be required to file the same, where it appears that the certificate provided that the preferred stock should have a preference to payment at par in case of liquidation or dissolution, and that it "shall be entitled only to such dividends, if any, as will be provided by the By-Laws of the corporation."

It is necessary to state in a certificate of incorporation the exact nature of a preference given to preferred stock, and not only must the information thus furnished be definite and certain, but it must be complete in itself, and the rights thereby defined must not be subject for their creation and continuance to the subsequent action on the part of the corporation.

APPEAL by the defendant, John J. Lyons, from a peremptory mandamus order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 10th day of February, 1922, commanding him

as Secretary of State of the State of New York to accept and file a certificate of incorporation of M. S. Siegel & Company, Inc., tendered by relators.

*Charles D. Newton, Attorney-General [C. T. Dawes, Deputy Attorney-General,* of counsel], for the appellant.

*Spiro & Abrams [Abraham I. Spiro* of counsel], for the respondents.

DOWLING, J.:

The relators have tendered to the Secretary of State a certificate of incorporation of M. S. Siegel & Company, Inc., together with the amount of the filing fee, and have also advised him that they had paid to the State Treasurer the necessary organization tax.

The Secretary of State has returned the certificate on the ground that it does not meet the requirements of section 2, subdivision 3, of the Business Corporations Law, requiring that the certificate of incorporation shall state the preference of the preferred stock.

The part of the certificate in question on this appeal is as follows:

" *Third* — The amount of the capital stock is seventy-five thousand ($75,000) dollars, to consist of seven hundred and fifty (750) shares of the par value of one hundred ($100.00) dollars each, and the same shall be divided and classified as follows:

" (a) Fifty-five thousand ($55,000) dollars thereof to consist of five hundred and fifty (550) shares of the par value of one hundred ($100.00) dollars each shall be preferred stock. Said preferred stock shall have preference to payment at par in case of liquidation and dissolution of the business of the corporation and shall be entitled to be paid in at par in full upon any distribution of the assets of the corporation in the event of insolvency or dissolution before any distribution of the capital shall be made to or applied on the common stock. It shall be entitled only to such dividends, if any, as will be provided by the By-Laws of the corporation. It shall have no voting power and shall not be entitled to vote at any meeting of the stockholders nor in any proceeding requiring the affirmative vote or consent of stockholders, except as otherwise required or made mandatory by statute, such right to vote at any meeting for the election of directors or any other meeting of the stockholders concerning the management of the corporation, except as otherwise required and made mandatory by statute, shall be exercised exclusively by the holders of the common stock.

" (b) Twenty thousand ($20,000.00) dollars thereof to consist of two hundred (200) shares of the par value of one hundred ($100.00) dollars each, shall be known and designated as common stock, which shall be the only voting stock of the corporation, and the holders thereof shall be entitled to vote at all meetings of

stockholders for the election of directors, and at all other meetings of the stockholders on all subjects concerning the management of the corporation, and the holders thereof shall be entitled to all profits of the corporation except such as may by the By-Laws of the corporation be provided for the preferred stock. All resolutions to be adopted at stockholders' meetings other than for the election of directors shall require a vote of at least seventy-five (75%) per cent of the common stock, and, in case of an increase or decrease in the capital stock at least a majority vote of the preferred stock in addition thereto."

The objection urged by the Secretary of State is that the provision in relation to preferred stock that " it shall be entitled only to such dividends, if any, as will be provided by the By-Laws of the corporation," violates section 2, subdivision 3, of the Business Corporations Law (as amd. by Laws of 1909, chap. 484), which requires the certificate of incorporation to contain, among other things: " 3. The amount of the capital stock, and if any portion be preferred stock, the preferences thereof."

As the proposed corporation was to issue preferred stock under the terms of its certificate, the last quoted section undoubtedly applied. It was, therefore, incumbent upon the relators to state in the certificate the exact nature of the preference given to such stock. The statement is made that in case of liquidation and dissolution the preferred stock shall be entitled to payment at par before any distribution is made to the common stock. But while this is a clear and definite statement of one preference, an equally important provision is left indefinite and uncertain, to be settled in the future by still unmade by-laws. The right to preferential dividends is one of the most important features that may be annexed to preferred stock. Dividends are an attractive inducement to stock purchasers and may often be a controlling factor in deciding what securities to buy. They are a part of the privileges that attend stock ownership, and their nature, whether preferential, absolute or qualified, is of vital importance to investors.

The purpose of requiring certain matters to be enumerated in the certificate of incorporation was to enable prospective purchasers of stock, whether preferred or common, an opportunity of ascertaining from an official record just what their rights would be before they invested in the shares. Not only must the information thus furnished be definite and certain, but it must be complete in itself, and the rights thereby defined must not be subject for their creation or continuance to subsequent action. The preference given to the preferred stock, required by law to be stated in the certificate, is not so stated when it is said that the

dividends to be paid thereon, if any, are to be such as the by-laws will thereafter provide. The by-laws might provide that no dividends whatever would be paid upon the preferred stock, that all dividends would be paid upon the common stock, and thus make the latter preferred stock as to dividends, though subordinated in the distribution of assets upon dissolution. As well might the provision for a preference in payment in case of dissolution, given to the preferred stock, have been left optional for decision by the by-laws.

The order appealed from should, therefore, be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

CLARKE, P. J., LAUGHLIN, SMITH and GREENBAUM, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion for a peremptory mandamus order denied, with ten dollars costs.